52 F.3d 322
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Ray HALL, Defendant-Appellant.
 No. 94-5665.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 31, 1995.
Decided: April 18, 1995.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-92-78)
 Lewis A. Thompson, III, BANZET, BANZET & THOMPSON, Warrenton, NC, for Appellant. Janice McKenzie Cole, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, NC, for Appellee.
 Before WIDENER and HALL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Ray Hall appeals his sentence for various drug-related crimes. Finding no cognizable issue on appeal, we dismiss.
 
 
 2
 Hall was convicted of conspiracy to distribute cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994); 21 U.S.C. Sec. 841(a)(1) (1988), nine counts of distribution of cocaine, 21 U.S.C. Sec. 841(a)(1), and one count of laundering of monetary instruments, 18 U.S.C.A. Sec. 1956(a)(1) (West Supp.1994). He was sentenced to 324 months imprisonment.
 
 
 3
 This Court previously remanded Hall's sentencing to the district court, for the court to make certain findings in determining Hall's criminal history category. United States v. Hall, No. 93-5251 (4th Cir. May 6, 1994) (unpublished). Specifically, this Court questioned the sentencing court's use of Hall's three prior convictions for drug-related crimes in calculating Hall's criminal history category. This Court ruled that the lower court failed to inquire whether the prior offenses involved conduct severable from Hall's instant conviction. Id.
 
 
 4
 On remand, the sentencing court found that the three prior drug offenses were part of the conspiracy for which Hall was being sentenced and could not be counted in Hall's criminal history. The resulting reduction in Hall's criminal history category from VI to V,* coupled with Hall's offense level of 36, reduced the applicable guideline range for sentencing to 292 to 365 months. The sentencing court then resentenced Hall to 324 months imprisonment. Hall's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating his belief that no meritorious issues remained for appeal. The Anders brief challenged only the imposition of the 324 month sentence, claiming the district court abused its discretion in sentencing Hall in the middle of the guideline range. Hall filed an objection to his attorney's Anders brief, but presented no meritorious grounds for appeal.
 
 
 5
 Under 18 U.S.C.A. Sec. 3742(a) (West 1985 & Supp.1994), a sentence within the appropriate guideline range is not reviewable by this Court. United States v. Jones, 18 F.3d 1145, 1151 (4th Cir.1994).
 
 
 6
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues. Unlike most Anders appellants, Hall has already brought a direct appeal. Therefore, he is bound by this Court's prior determination on the issues raised in that appeal. Hall's current appeal may only challenge the issues which were before the district court on remand, United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993):(1) the sentencing court's use of the three prior drug-related sentences in his criminal history; and (2) the sentence imposed thereunder.
 
 
 7
 On the issue of Hall's criminal history category, the district court ruled in Hall's favor and reduced his criminal history category accordingly. Because Hall may not challenge his sentence within the properly calculated guidelines range, there remain no issues over which this Court has jurisdiction. Accordingly, we dismiss the appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 DISMISSED.
 
 
 
 *
 Prior to remand, Hall had fifteen criminal history points from past convictions. However, the total was reduced to twelve, because USSG Sec. 4A1.1(c) limits to four the number of points which can be earned for convictions involving imprisonment of less than sixty days. Hall received two additional points under Sec. 4A1.1(d) for violating parole, and one point under Sec. 4A1.1(e) for committing the instant offense within two years of release from prison for a prior conviction. Because Hall had thirteen or more points, his criminal history category was VI. On remand, after removing the three prior drug sentences from consideration, Hall's past convictions resulted in nine criminal history points. Adding two points for his parole violation, Sec. 4A1.1(d), Hall had a total of eleven points, making his criminal history category V